FILED

2017 OCT -5 PM 1: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| GIDDY UP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE HORSE HOLSTER, LLC, <br><br> Defendant. | Case No. 5:17-cv-455-OC-30PRL <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Giddy Up, LLC ("Giddy Up"), through its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant The Horse Holster, LLC's ("Horse Holster's") unauthorized manufacture, use, offer to sell, and sale in the United States of cell phone holders for horse riders in violation of Plaintiff's rights under U.S. Patent No. 9,320,345 (the "'345 Patent").

2. In this action, Giddy Up seeks damages, injunctive relief, attorneys' fees, costs, and interest for Horse Holster's acts of willful patent infringement.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Horse Holster based on its residency in this District, its continuous and systematic minimum contacts with residents of Florida through the making, distribution, offering for sale, and sale of products in Florida, and its acts of patent infringement committed in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because Horse Holster resides in this District and Horse Holster has committed acts of infringement and has a regular and established place of business in this District.

## PARTIES

6. Giddy Up, is a Georgia Limited Liability Company with a principal place of business at 2205 Hickory Hill Road, Alpharetta, Georgia, 30004.

7. Upon information and belief, Horse Holster is a Florida Limited Liability Company with a principal place of business at 161 NW Buena Vista Road, Dunnellon, Florida, 34431.

## FACTUAL BACKGROUND

8. Giddy Up owns the '345 Patent for a "Secure Cell Phone Holder" which was filed on March 28, 2014 claiming the benefit of Provisional Application No. 61/833,035 filed on June 10, 2013, and issued on April 26, 2016, in accordance with an assignment recorded with the United States Patent and Trademark Office on reel/frame 039793/0409 on September 20, 2016 and a merger recorded with the United States Patent and Trademark Office on reel/frame 032548/0603 on March 28, 2014. A copy of the '345 Patent is attached hereto as Exhibit A.

9. Horse Holster is offering to sell and is selling an "XL" cell phone holder for

horse riders and has offered for sale and sold its "Slim" cell phone holder for horse riders (collectively, the "Accused Products")[1] in the United States. Upon information and belief, Horse Holster has also manufactured the Accused Products in the United States and/or imported the Accused Products into the United States.

10. Horse Holder has been aware of the '345 Patent and Giddy Up's infringement claims since at least March 30, 2017, when Giddy Up's counsel sent Horse Holster correspondence which included a copy of the '345 Patent and a chart comparing exemplary claims 1 and 12 of the '345 Patent to the Accused Products and showing how each and every limitation of such claims are met by the Accused Products. The correspondence also instructed Horse Holster to cease its infringing activities and remove the Accused Products from its website. Horse Holster refused to comply with Giddy Up's demands and continues to infringe the '345 Patent.

11. The Accused Products include each and every limitation recited in at least independent claims 1 and 12 of the '345 Patent as detailed in the attached preliminary and exemplary infringement chart, attached hereto as Exhibit B. Therefore, the Accused Products are a literal infringement of the '345 Patent.

12. Horse Holster has been and is inducing infringement of claims 1 and 12 of the '345 Patent by actively and knowingly inducing others, including its customers and prospective customers, to directly infringe by using the Accused Products.[2]

---

[1] *See* https://thehorseholster.com/collections/all

[2] *See e.g.*, https://www.instagram.com/p/BWs0g0sANe5/, ("The #HorseHolster fits on belt loops and lets you carry your items purse free!"); and https://www.instagram.com/p/BWq7qsbgU8M/?taken-by=the_horse_holster, ("Did you

## COUNT I
### (Direct Infringement of U.S. Patent No. 9,320,345)

13. Paragraphs 1 through 12 are incorporated by reference herein.

14. Giddy Up is the owner by assignment of the '345 Patent at all times material hereto.

15. The '345 Patent is valid and enforceable and Giddy Up has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

16. The '345 Patent covers a wearable carrying case and methods of using a carrying case.

17. As detailed in the attached Claim Chart (Ex. B), Horse Holster has infringed and will continue to infringe at least claims 1 and 12 of the '345 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States the Accused Products.

18. Horse Holster is liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271 (a).

19. Horse Holster's aforesaid activities have been without authority and/or license from Giddy Up and are considered intentional and willful.

20. Horse Holster has had actual notice of the '345 Patent and of its infringement of the '345 Patent since at least as early as March 30, 2017, and Horse Holster's infringement of Giddy Up's exclusive rights under the '345 Patent will continue

---

know The #HorseHolster 👊🎒✨ fits on belt loops too?! (video on website)...").

to damage Giddy Up, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
### (Indirect Infringement of U.S. Patent No. 9,320,345)

21. Paragraphs 1 through 20 are incorporated by reference herein.

22. Giddy Up is the owner by assignment of the '345 Patent at all times material hereto.

23. The '345 Patent is valid and enforceable and Giddy Up has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

24. The '345 Patent covers a wearable carrying case and methods of using a carrying case.

25. Horse Holster has been and is inducing infringement of claims 1 and 12 of the '345 Patent by actively and knowingly inducing others, including its customers and distributors, to directly infringe by using and selling the Accused Products within the United States.

26. Evidence of Horse Holster's inducement activities are previously described and can also be seen on its website (*e.g.*, https://thehorseholster.com/pages/product-videos) and its social media sites (https://www.instagram.com/the_horse_holster/, and https://www.facebook.com/thehorseholster/).

27. Horse Holster's aforesaid activities have been without authority and/or license from Giddy Up and are considered intentional and willful.

28. Horse Holster has had actual notice of the '345 Patent and of its

5

infringement of the '345 Patent at least as early as March 30, 2017, and Horse Holster's infringement of Giddy Up's exclusive rights under the '345 Patent will continue to damage Giddy Up, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Giddy Up, LLC, respectfully requests that the Court find in its favor and against Defendant, The Horse Holster, LLC, and that the Court grant Plaintiff the following relief:

(a) An adjudication that Plaintiffs rights in the '345 Patent are valid and enforceable;

(b) An adjudication that one or more claims of the '345 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

(c) An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

(d) An award of Defendant's profits from the sale of the infringing products;

(e) A grant of permanent injunction pursuant to 35 U.S.C. § 283 enjoining the Defendant, its agents, employees, officers, attorneys, successors, assigns, and all persons in active concert or participation with it from further acts of

infringement of the '345 Patent and from making, using, offering or sale or selling any wearable carrying cases that infringe one or more of the claims of the '345 Patent either literally or under the doctrine of equivalents;

(f) That this Court determine that Defendant's infringement of the '345 Patent has been willful, and award treble damages pursuant to 35 U.S.C. § 284;

(g) That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

(h) On each of Plaintiff's claims for relief, such further and other relief as the Court deems just and proper.

This 4th day of October, 2017.

Respectfully submitted,

*/s/Amanda Hyland*
Amanda G. Hyland, Esq.
Florida Bar No. 37554
Trial Counsel
Coby S. Nixon, Esq. (*pro hac* motion to be filed)
Seth K. Trimble, Esq. (*pro hac* motion to be filed)

**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Phone: (770) 434-6868
Fax: (770) 434-7376
ahyland@taylorenglish.com
cnixon@taylorenglish.com
strimble@taylorenglish.com

*Counsel for Plaintiff, Giddy Up, LLC*